# LOGAN COUNTY, OKLAHOMA

CONTRACT FOR

# MEDICAL STAFFING AND ADMINISTRATION

# FOR

# LOGAN COUNTY JAIL

**For**

LOGAN COUNTY SHERIFF'S OFFICE
**Damon Devereaux, SHERIFF**
(405) 282-4100

216 S. Broad
Guthrie, OK 73044

**EXHIBIT 12**

This Contract is entered into between the Board of County Commissioners of Logan County, Oklahoma and the Logan County Sheriff's Office ("Agency") and Turn Key Health Clinics, LLC ("Contractor"). The purpose of this Contract is to contract for the Medical Staffing and Administration of the Logan County Jail, 216 S. Broad, Guthrie, OK 73044 (herein called the "Facility") under the terms and conditions detailed in the Contract.

# I. DUTIES AND RESPONSIBILITIES OF THE CONTRACTOR

## 1.1 SCOPE OF CONTRACT

Contractor shall be the supplier and/or coordinator of the health care delivery system at the Facility. Contractor shall be responsible for medical care for all inmates (except Work Release inmates who shall, when in the Facility, receive only emergency care from the provider) at the Facility up to the limits described in this Contract. This responsibility of the Contractor for the medical care of an inmate commences with the commitment of the inmate to the custody of the Facility and ends with the release of the inmate.

## 1.2 INSURANCE

The Contractor will carry professional liability insurance in minimum amounts of One Million Dollars ($1,000,000.00) per occurrence and Three Million Dollars ($3,000,000.00) in the aggregate annually during the entire term and any renewal term of this Contract.

## 1.3 COMPLIANCE WITH APPLICABLE LAW

The Contractor will comply with the standards set forth by the Oklahoma Department of Health for the duration of the term of this Agreement with the Agency.

## 1.4 CONTRACTOR COOPERATION

All Contractor personnel, including the personnel of its subcontractor and agents, will be subject to security background checks and clearances by the Agency. In each instance, the individual and the Contractor will provide such cooperation as may be reasonably required to complete the security check. The Agency agrees to perform such security checks in a timely manner and not unduly delay such checks.

## 1.5 CONTAMINATED WASTE

The Contractor shall be responsible for the disposal of all general waste, including infectious or hazardous medical waste up to the annual aggregate limit set forth by this contract (Section 1.8). The material must be removed from the Facility and disposed of as regulated by federal, state and local laws.

## 1.6 PHARMACEUTICAL

The Contractor shall provide a complete pharmaceutical system for inmates housed at the Facility. The Contractor will be responsible to pay the costs of all pharmaceutical as required by current applicable law up to the annual aggregate limits set forth by this Contract (Section 1.8).

The Contractor shall provide for pharmaceutical services to assure the availability of prescribed medications within a reasonable time period of the order of issue being written except where such medications are not readily available in the local community. Pharmaceutical services shall be consistent with State and Federal regulations, and must be monitored by a licensed qualified pharmacist. The Agency agrees to allow the use of an inmate's home medication, as appropriate, upon the verification of the medication by Contractor personnel.

The Contractor shall provide for the recording of the administration of medications in a manner and on a form pre-approved that includes documentation of the fact that inmates are receiving and ingesting their prescribed medications. Documentation will also be required when an inmate's ordered medication was not administered and the reason given. Medication administration and medication documentation training shall be made available for Agency staff for times when Contractor personnel are not on-site to administer medications.

## 1.7 INMATE MEDICAL FEE FOR SERVICE SYSTEM

The Contractor may obtain an inmate fee for medical services authorization slip from each inmate medical encounter as directed by the Agency. Any inmate charges will be established by the Agency in accordance with Oklahoma State Statutes. Fees for services may be collected directly by the Agency and will be utilized by the Agency. The Contractor will not collect any of the fees from the inmates.

## 1.8 MAXIMUM LIABILITY

Contractor's maximum annual combined liability for pharmaceuticals, off-site medical services, hospitalizations, off-site dental services, specialty services (x-ray, lab, etc.), medical waste disposal, and pharmaceuticals provided to inmates will be twelve thousand dollars ($12,000.00). The aggregate limit shall be pro-rated accordingly on a daily rate basis for services provided during a partial year of services. In the event the aggregate maximum annual combined liability is exceeded, the financial responsibility shall be the responsibility of the County. Not withstanding any other provision within this agreement, any and all costs incurred by the Contractor relating to or in the provision of off-site medical care, dental care, hospitalizations, specialty services, medical waste disposal, and pharmaceuticals will be subject to the limitations of liability.

## 1.9 IMMUNITY FROM LIABILITY

The Contractor agrees to indemnify and to hold the Agency harmless for, from, and against claims, suits, reasonable attorney's fees, damages, or injuries to persons or property or other liabilities arising out of any sole negligence of the Contractor or the Contractor's personnel to properly provide medical care or administration pursuant to the terms of this Contract; including

but not limited to claims for violation of privacy, medical malpractice, governmental enforcement or remedial actions, federal or state discrimination claims and tort actions. Provided that, if a final decision is made by the Agency to deny payment, or instructs the Contractor to deny payment for any off-site care, specialty care or pharmaceutical service, Contractor will not be required to indemnify Agency for claims related to that decision.

Immunity from liability shall not extend to the Agency for the actions, omission of action, neglect, or the prevention of any person from receiving medical care by the Agency or any Agency personnel or agents.

The Contractor shall not be responsible for any claims arising from the negligence on the part of the Agency or any Agency personnel or agents in promptly and/or accurately presenting a person to the appropriate Contractor's personnel or independent contractors if it should have been reasonably know that the individual was in serious need of medical attention. The Contractor shall not be responsible for the failure of the Agency or Agency personnel or agents to obtain emergency medical care in the event the Contractor personnel is not available to the Facility.

The Agency shall hold harmless and indemnify the Contractor and the Contractor's officers and personnel against any loss or damage, including attorney's fees or other litigation costs, caused or necessitated by the sole negligence of the Agency, Agency employees and agents, and/or other vendors which is related to medical treatment or care.

The terms and provisions of this Section 1.9 shall survive the termination of this Contract.

## 1.10 FILING WITH INSURANCE

Contractor will be responsible to ensure that, whenever possible, insurance claims are filed for inmate medical expenses.

## 1.11 NEGOTIATION OF DISCOUNTS

Contractor shall use its best efforts to negotiate discounts for medical services and pharmaceuticals. In the event the maximum liability of the Contractor is met during the Contract period, Agency will be allowed to use the contractual discounts negotiated by Contractor.

## 1.12 PERSONNEL RECORD KEEPING

The Contractor shall, upon request, provide to the Agency proof of licenses and/or certificates for all Contractor professional staff. In addition, malpractice insurance must be in place for all physicians and Nurse Practitioners/Physician Assistants, and other employees or agents of Contractor providing medical services to inmates.

## 1.13 EMERGENCY ASSISTANCE

The Contractor shall, in times of emergency or threat thereof, whether accidental, natural or man-made, provide medical assistance to the Facility to the extent or degree required by policies and procedures.

## 1.14 MEDICAL AND NURSING SERVICES PROVIDED

1. All medical and mental health personnel providing services through Contractor under this Contract shall be the employees and/or agents of Contractor and not of the Agency. Such individuals shall hereby be referred to as the "Medical Staffing". All wages, worker's compensation, insurance, benefits, vacations, and claims of any kind relating to the Medical Staffing provided by the Contractor shall be the sole responsibility of Contractor and not of Agency. Medical Staffing associated with the terms of this contract shall not include employees and/or agents of the Agency. All Contractor Medical Staffing shall be covered by professional liability insurance with limits not less than $1,000,000.00 per occurrence and $3,000,000.00 in the aggregate.

2. Contractor shall provide medical unit coverage seven days a week, including at a **minimum:**

   a. **80 hours a week of on-site medical personnel (RN, LPN, MA) coverage, including holidays;**
   b. **A Physician or midlevel provider (ARNP or PA) will provide clinical services on a regular basis, but not less than weekly;**
   c. **A Physician or midlevel provider who will provide 24 hours a day, seven days a week on-call coverage for consultation on an as needed basis;**

3. The Contractor shall review intake screenings performed by detention staff for inmates admitted to the facility. Inmates identified with significant health concerns will have a clinical health review with Contractor personnel no later than fourteen (14) days after the inmate's arrival at the Facility.

4. Contractor shall provide medications as prescribed;

5. Contractor shall conduct sick call triage and follow-up; and

6. Contractor shall provide appropriate and timely response to medical needs and emergencies.

7. Personnel files (or copies thereof) of Contractor's employees assigned to the Facility are to be maintained at Turn Key's corporate office and shall be available to the Agency upon written request.

## 1.15 SATISFACTION WITH HEALTHCARE STAFF

In recognition with the sensitive nature of correction facility operations, if the Sheriff becomes dissatisfied with any member of the Contractor's medical staff, the Sheriff shall provide Contractor written notice of such dissatisfaction and the reasons therefore. Following receipt of such notice, Contractor shall use commercially reasonable efforts to resolve the dissatisfaction. If the problem is not resolved to the satisfaction of the Sheriff within ten (10) business days following the Contractor's receipt of the notice, Contractor shall remove the individual from providing services at the Facility within a reasonable timeframe considering the affects of such removal on Contractor's ability to deliver healthcare services and recruitment/hiring of an acceptable re-

placement. The Sheriff reserves the right to revoke the security clearance of any of Contractor's Medical Staffing at any time.

**1.16 DENTAL CARE**

As indicated, the Contractor shall provide basic oral screening of inmates by on-site medical personnel. Contractor shall arrange emergency dental services only if its medical director determines that such care is medically necessary, and under the care of a licensed dentist. Costs for such services shall be included in the maximum liability amount in Section 1.8.

**1.17 HOSPITALIZATION AND OFF-SITE CARE**

Contractor will arrange hospitalization and/or off-site specialty care for inmates who, in the opinion of the treating provider and/or the medical director, require treatment beyond what is provided at the Facility. Costs for such services shall be included in the maximum liability amount in Section 1.8.

**1.18 TESTIFYING IN COURT**

Contractor personnel shall be aware that they might, from time to time, be subpoenaed to testify in court or at a deposition regarding medical treatment. Overtime, if any, associated with this obligation is the responsibility of the Contractor. Contractor will keep the Agency informed of any and all requests.

**1.19 POLICIES AND PROCEDURES / PROTOCOLS**

A written manual of the Agency and Contractor's standardized policies and defined procedures will be available at all times for Contractor personnel. Contractor's nursing protocols shall be devised and approved by a physician licensed in the State of Oklahoma. Policies and procedures and nursing protocols will be reviewed and revised as necessary.

**1.20 LABORATORY AND X-RAY SERVICES**

Contractor shall arrange on-site laboratory and radiology services to the extent reasonably possible. To the extent laboratory and radiology services are required and cannot be rendered on-site, Contractor shall make appropriate off-site arrangements for rendering such care. Contractor will arrange and coordinate with the Sheriff's office for the transportation for such off-site services. Costs for such services shall be included in the maximum liability amount in Section 1.8.

**1.21 TRANSPORTATION**

The Contractor will arrange for inmate transportation for emergency ambulance care. The cost of these services will be considered off-site medical care costs associated with care shall be the responsibility of the Agency. All other non-emergent transportation relating to the provision of health services shall be the responsibility of the Agency.

**1.22 NON-INMATE HEALTH SERVICES**

Non-inmate health services shall be provided in the form of emergency care for Facility staff and visitors for the purpose of stabilizing the condition and arranging for transport. Emergency services include first aid, assessment, stabilization and the coordination of transport of employees or visitors who become ill or injured in the Facility.

The Contractor shall make available the Hepatitis B vaccination program and annual Tuberculosis Skin Testing (TST) for all Facility staff as requested by the Sheriff. However, the Agency will bear the cost of the vaccine and serum.

## 1.23 MEDICAL RECORDS REQUIREMENTS

A medical record consistent with state regulations and community standards of practice shall be maintained for each inmate held beyond the first appearance in court for services rendered following the inmate's assignment to a housing area. These records shall be kept separate from the jail confinement records of the inmate.

In any case where medical care is at issue, or in any criminal or civil litigation where the physical or mental condition of an inmate is at issue, the Contractor shall make accessible to the Sheriff such records and, upon request, provide copies. The Contractor additionally acknowledges compliance with and understanding of all applicable HIPAA requirements as they apply to correctional facilities.

The Contractor acknowledges and agrees that all records prepared or acquired by the Contractor during performance of services under the Contract are the property of the Logan County Sheriff's Office. The Contractor shall be considered the records custodian during the duration of the Contract. Upon the termination of this Contract, all inmate medical records shall remain in the care and custody of the Agency.

If an inmate medical record cannot be located within twenty-four (24) hours of a discovered loss, the Jail Administrator shall be immediately notified.

Inactive medical records will be maintained in accordance with the laws of the State of Oklahoma and the American Medical Association.

Any and all legal actions or requests affecting Logan County inmates and/or the Contractor's performance at Logan County must be communicated, in writing, to the Agency within twenty-four hours of the Contractor's receipt.

## 1.24 INMATES FROM OTHER JURISDICTIONS

The Contractor will provide on-site services for inmates incarcerated at the Facility for the Oklahoma Department of Corrections, Oklahoma municipalities, the U.S. Marshals, the FBOP, and/or other custodial jurisdictions. However, off-site, specialty services, and pharmaceutical costs associated with inmates from other jurisdictions shall not be the responsibility of the Contractor. The Contractor shall promptly notify the Jail Administrator for any needed pharmaceutical, specialty service or off-site care for such inmates and shall provide documentation of required treatment to the custodial jurisdiction as requested. The Contractor shall submit all related bills

to the Sheriff's Office to ensure reimbursement to the Agency of all outside medical expenses and cost of pharmaceuticals that may have incurred on behalf of such inmates.

## II. DUTIES OF AGENCY

### 2.1 REIMBURSEMENT FOR SERVICES

The reimbursement for this initial Contract from Agency to Contractor is to be made on a monthly basis in the amount of Seventeen Thousand Six Hundred Fifty Dollars and zero cents ($17,650.00), pro-rated for any partial months and subject to any reconciliation as applicable. The first payment for the month of May 2017 is to be paid to the Contractor on the 1st day of June 2017 for services administered for the month of May. All subsequent payments shall be paid in the full amount by the Agency to the Contractor on the 1st day of each month for services rendered the previous month.

This Agreement shall cover services provided by the Contractor for the Agency with a facility average daily population (ADP) up to one hundred seventy (170) inmates. The ADP will be calculated as the monthly total for all inmates in the jail at 8:00am each day divided by the number of days in that month. Should the ADP exceed 170 inmates for three consecutive months, the Contractor and Agency agree to renegotiate the terms of reimbursement for the Contract.

### 2.2 USE OF FACILITY AND EXISTING MEDICAL AND OFFICE EQUIPMENT

The Agency shall be responsible for providing the non-exclusive use and access to certain office equipment (copier, fax machine, phones, desks, office chairs, etc.), office supplies (chart folders, pens, paper, etc.) durable medical equipment (exam tables, sinks, cabinets, etc.) and phone service required for the administrative operation of the medical unit. Agency agrees that Contractor will be provided appropriate space in the Facility to perform all required duties and that the Contractor will be allowed use of the current office, medical equipment and supplies currently at the facility at the initiation of services.

In the event additional durable office or medical equipment needs to be purchased, it will be the Agency's responsibility to purchase the required equipment, and it will be owned by the-Agency. Provided that, Contractor shall provide and bear the cost of standard disposable medical supplies.

## III. GENERAL TERMS AND CONDITIONS

### 3.1 ALTERATIONS TO CONTRACT

Any alterations, variations, modifications, or waivers of the provisions of the Contract will be valid only if they are reduced to writing, duly signed by the parties and attached to the original Contract.

### 3.2 FORCE MAJEURE

Neither party shall be liable in damages or have the right to terminate this Agreement for any delay or default in performing hereunder if such delay or default is caused by conditions beyond its control including, but not limited to Acts of God, Government restrictions (including the denial or cancellation of any export or other necessary license), wars, insurrections and/or any other cause beyond the reasonable control of the party whose performance is affected.

## 3.3 TERMINATION OF CONTRACT

A. Termination-for Cause

1. If either party fails to fulfill its obligations under the Contract in a timely proper manner, or if either party violates any material covenant, agreement, or stipulation of the Contract, the aggrieved party shall thereupon have the right to terminate the Contract by giving written notice of termination to the other party, which such notice shall be given not less than 60 calendar days prior to the stated effective date of termination. The notice shall specify the effective date of the termination, and the reasons therefore, unless the party to whom notice is given cures the breach to the satisfaction of the party giving notice prior to the effective date of termination.

2. Notwithstanding the above, the Contractor shall not be relieved of liability to the Agency for damages sustained by the Agency by virtue of any breach of the Contract by the Contractor and the Agency may withhold any payments to the Contractor, in an amount reasonably calculated to equal the estimated damages, for the purpose of setoff until such time as the exact amount of damages to the Agency from the Contractor is determined.

B. Termination for Convenience

The Agency or Contractor may terminate the Contract at any time by giving written notice to the Contractor of termination, which such notice shall be given not less than 120 calendar days prior to the stated effective date of termination.

C. Payment due to Termination

Upon termination of this Contract for any reason, prior to the end of the then existing term, the Contractor will be paid up to the effective termination date such sums and expenses, prorated as necessary, in accordance with those monthly fees described in paragraph 2.1 and subject to the maximum liability provisions described Section 1.8.

D. Records and Documentation Remain the Property of the Agency

All medical records, Agency policies and procedures, Agency manuals, instructional books, orientation, and continuing education records shall be the property of the Agency and, at the termination of the Contract, remain the property of the Agency without further obligation.

## IV. CONTRACT TERM

The term of this Contract will commence on May 1, 2017 and will continue for an initial two (2) month period from May 1, 2017 to June 30, 2017. Agency shall have the option to renew the term of this Contract, upon the same terms and conditions as contained herein, for a term of one (1) year beginning on July 1, 2017 and ending June 30, 2018; provided, that this option to renew may be exercised, as a matter of right, solely and exclusively by Agency. After June 30, 2018, this Contract will continue to be eligible to be renewed for additional consecutive terms of one (1) year, each of which shall correspond to the fiscal year of the Agency, upon mutual agreement of the Agency and Contractor. The option to renew or extend the term of this Contract shall be exercised by the Agency by the issuance of a purchase order upon or within ten (10) days after the expiration of the term of the Contract then in effect.

## V. MISC.

### 5.1 INDEPENDENT CONTRACTOR STATUS

It is mutually understood and agreed, and it is the intent of the parties hereto that an independent contractor relationship be and is hereby established under the terms and conditions of this Contract. Nothing in this Contract shall be construed to create an agency relationship, an employer/employee relationship, a joint venture relationship, or any other relationship allowing the Agency to exercise control or direction over the manner or methods by which Contractor, its employees, agents or subcontractors perform hereunder, or Contractor to exercise control or direction over the manner or methods by which the Agency and its employees, agents or subcontractors perform hereunder, other than as provided in this Contract.

### 5.2 SUBCONTRACTING

In order to discharge its obligation hereunder, Contractor may engage certain physicians as independent contractors rather than employees ("Contract Professionals"). Contractor shall not engage any Contract Professionals that do not meet the applicable professional licensing requirements and Contractor shall exercise administrative supervision over such Contract Professionals as necessary to insure the strict fulfillment of the obligations contained in this Contract. Services provided by Contract Professionals under this Contract shall be provided in a manner reasonably consistent with the independent medical judgment the Contract Professionals are required to exercise.

### 5.3 AGENCY STATUTORY DELEGATION

For purposes of asserting any statutory rights afforded to the Agency or the Facility to pay providers for medical services at certain reduced rates, Agency designates Contractor as its agent to assert such rights and privileges.

### 5.4 EQUAL EMPLOYMENT OPPORTUNITY

Contractor will not discriminate against any employee or applicant for employment because of race, color, religion, sex, ancestry, national origin, place of birth, marital status, sexual orientation, age or handicap unrelated to a bona fide occupational qualification of the position or because of status as a disabled veteran or Vietnam-Era veteran. Contractor will distribute copies of its commitment not to discriminate to all persons who participate in recruitment, screening, referral and selection of job applicants, and to prospective job applicants.

## 5.5 WAIVER OF BREACH

The waiver of either party of a breach or violation of any provision of this Contract shall not operate as, or be construed to be, a waiver of any subsequent breach of the same or other provision hereof.

## 5.6 NOTICES

Any notice of termination, requests, demands or other communications under this Contract shall be in writing and shall be deemed delivered: (a) when delivered in person to a representative the parties listed below: (b) 3 days after mailing when mailed by first-class certified mail, return receipt requested, addressed to the party at the address below; or (c) upon confirmation of receipt if sent by electronic means or facsimile to the parties listed below:

If for Turn Key:
Turn Key Health Clinics, LLC
Attn: Flint Junod, CEO
19 NE 50th Street
Oklahoma City, OK 73105

Telephone: (405) 516-0276

If for Logan County Sheriff's Office:
Logan County Sheriff's Office
Attn: Damon Devereaux, Sheriff
216 S. Broad
Guthrie, OK 73044

Telephone: (405) 282-4100

Either party may change such address or phone number from time to time by providing written notice as provided above.

## 5.7 GOVERNING LAW

This Contract shall be governed by and construed in accordance with the laws of the State of Oklahoma without regard to the conflicts of laws or rules of any jurisdiction.

AGENCY IS A SUBDIVISION OF THE STATE OF OKLAHOMA. It is expressly understood that the Agency under this Contract is a subdivision of the State of Oklahoma and consequently

may only contract within the limitations provided by Oklahoma law. Notwithstanding any other provision to the contrary hereinbefore set forth, the provisions of this paragraph shall control over any other provision of this Contract.

**5.8 COUNTERPARTS**

This Contract may be executed in several counterparts, each of which shall be considered an original and all of which shall constitute but one and the same instrument.

**5.9 TITLE OF PARAGRAPHS**

Titles of paragraphs are inserted solely for convenience of reference and shall not be deemed to limit, expand or otherwise affect the provisions to which they relate.

**5.10 SEVERABILITY**

In the event that any one or more provisions of this Contract shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Contract and this Contract shall be construed and enforced as if such invalid, illegal or unenforceable provision had never been contained herein.

*****THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*****

## 5.11 ENTIRE CONTRACT

This Contract constitutes the entire agreement of the parties and is intended as a complete and exclusive statement of the promises, representations, negotiations, discussions and agreements that have been made in connection with the subject matter hereof. This Contract may be amended at any time, but only with the written consent of all parties.

IN WITNESS WHEREOF, the parties have caused this Contract to be executed as their official action by their respective representative, each of whom is duly authorized to execute the same.

**AGREED TO AND ACCEPTED AS STATED ABOVE:**

**TURN KEY HEALTH CLINICS, LLC.**

Dated: 3/7, 2017 By: ______________________
Flint Junod
Chief Executive Officer

**LOGAN COUNTY SHERIFF'S OFFICE**

Dated: MAR 3 1 2017, 2017 By: ______________________
Damon Devereaux, Sheriff

**BOARD OF COUNTY COMMISSIONERS OF LOGAN COUNTY**

Dated: MAR 3 1 2017, 2017 By: ______________________
County Commissioner

Dated: MAR 3 1 2017, 2017 By: ______________________
County Commissioner

Dated: MAR 3 1 2017, 2017 By: ______________________
County Commissioner

**ATTEST:**

______________________
County Clerk

COUNTY CLERK OFFICIAL SEAL LOGAN COUNTY, OKLAHOMA